IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA A. MORRIS, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-06-01720 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Blewitt) |
| Commissioner of Social Security[1], | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

August 29, 2007

**BACKGROUND:**

On September 1, 2006, plaintiff, Cynthia A. Morris, commenced this civil action under 42 U.S.C. § 405(g). Plaintiff appeals the Commissioner's decision to deny her disability insurance benefits.

The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt. On August 3, 2007, Magistrate Judge Blewitt filed a twenty-three-page report and recommendation. (Rec. Doc. No. 18.) The Magistrate Judge

---

[1] Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007, to succeed Jo Anne B. Barnhart. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

found that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied.  On August 20, 2007, plaintiff filed objections to the report and recommendation.  On August 22, 2007, the Commissioner waived the opportunity to respond to plaintiff's objections.

Now, for the follow reasons, we will decline to adopt the magistrate judge's report and recommendation, vacate the decision of the Commissioner, and remand the case to the Commissioner for further consideration.

**DISCUSSION:**
### I.  Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g).  Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact.  42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It is less than a preponderance of the evidence but more than a mere

scintilla." Id. The substantial evidence standard is a deferential standard of review. Id.

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Factual Background

Up until December 2003, plaintiff had worked as a retail clerk. On June 29, 2004, at the age of 43, she applied for disability benefits due to morbid obesity, degenerative arthritis of the knees, bipolar disorder, depression and sleep apnea. After having her application denied, plaintiff's requested hearing was held before Administrative Law Judge James Andres on February 10, 2006. At the hearing, the plaintiff and a vocational expert testified, and both were questioned by the ALJ. In addition to this testimony, the ALJ reviewed plaintiff's medical records and other relevant documentation.

On February 28, 2006, the ALJ denied plaintiff's request for disability benefits.[2] In reaching his decision, the ALJ administered the proper five-step

---

[2] According to the plaintiff, the Commissioner has found her disabled since March 1, 2006. Therefore, this appeal concerns only the time period between the time she claims her disability began and the date she was initially denied benefits,

evaluation process used to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits. 20 C.F.R. § 416.920. This process requires the following steps: (1) determine whether the applicant is engaged in substantial gainful activity; (2) determine whether the applicant has a severe impairment; (3) determine whether the applicant's impairment meets or equals a listed impairment; (4) determine whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) determine whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience. Id.

After determining that the plaintiff was not engaged in substantial gainful activity, the ALJ proceeded to step two and determined that plaintiff's morbid obesity and advanced degenerative changes of both knees constituted severe impairments. (Tr., at 20.) The ALJ concluded, however, that her depression and sleep apnea were non-severe impairments.[3] (Id. at 21.) At step three, the ALJ

---

i.e. from June 16, 2004 to February 28, 2006.

[3] The ALJ's decision made no mention of plaintiff's claim of bipolar disorder. The plaintiff, however, has not challenged this omission and has not argued to this Court that she does suffer from bipolar disorder, which we interpret as a waiver of this argument.

determined that the plaintiff's impairments were not severe enough to meet or equal the criteria of impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Id.) At step four, the ALJ determined that the plaintiff could perform past relevant work as a sales clerk and therefore was not disabled. (Id. at 22.) As a result, the ALJ did not have to proceed to step five in the analysis.

The Appeals Council denied claimant's request for review, making the ALJ's decision the final decision of the Commissioner. The magistrate judge filed his report and recommendation, in which he found the denial of disability benefits supported by substantial evidence and recommended plaintiff's appeal be denied.

Plaintiff makes three separate objections to this report and recommendation. First, plaintiff argues that the ALJ failed to consider her sleep apnea as severe, which resulted in the ALJ's erroneous conclusion that plaintiff could perform past relevant work. Second, plaintiff argues that the ALJ erred by rejecting her treating physician's opinion that her morbid obesity and degenerative joint disease in both knees left her disabled. Finally, plaintiff argues that the ALJ's credibility evaluation of her was improper. She argues that these errors make the ALJ's decision fatally flawed, and the magistrate judge's recommendation to uphold the ALJ's decision should be rejected.

## III.  Analysis

Normally, we would review <u>de novo</u> each part of the magistrate judge's decision to which the plaintiff objects.  In this matter, however, we are precluded from doing so because we have found a separate basis exists for reversing the ALJ's decision.  Specifically, we find that the ALJ failed to adequately address plaintiff's evidence concerning her sleep apnea.

The Third Circuit requires an ALJ to provide the reviewing court "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected.  In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."  <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981).  Indeed, unless the ALJ has "analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"  <u>Id</u>. (quoting <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 407 (3d Cir. 1979)).

Here, the plaintiff presented obviously probative evidence concerning her sleep apnea in the form of medical records, a sleep study, and her own testimony.

The sleep study, which was performed November 1, 2005, indicated that plaintiff had suffered from a symptom called "daytime hypersomnolence", which appears to be excessive daytime sleepiness. (Tr., at 186). Plaintiff testified that she did fall asleep during the day, and that "[i]t's nothing to doze off and be talking to someone." (Id. at 223.) The study also indicated that at the time, the plaintiff experienced only a 71.4% sleep efficiency, had 83 spontaneous arousals and 111 hypopneas and apneas. (Id. at 187.) The ALJ, however, did not discuss in detail these findings, nor did he comment on the credibility of plaintiff's claim that she falls asleep during the day. He simply noted that she was evaluated for and suffers from sleep apnea, that she snores loudly, and that she does not sleep well. (Id. at 21.) In conclusory fashion, he stated that her sleeping condition was not a severe impairment. (Id.)

    The ALJ's vague and perfunctory treatment of plaintiff's sleep apnea evidence makes it impossible for us to adequately assess whether his ultimate conclusion to deny her disability benefits is rational. His decision leaves us in the dark as to exactly how much weight he gave such evidence. Although the ALJ did note that he did not consider her sleeping condition to be a severe impairment, he failed to indicate why, and he also failed to explain how her sleeping condition factored into his step four analysis of whether she could perform her past relevant

work.[4]  We find this failure to be a fatal one that requires us to remand this matter to the Commissioner.  On remand, the ALJ should explain what evidence plaintiff has relating to her sleep apnea, then explain what weight he gives each piece of evidence and why, and finally describe how such evidence factors into the five-step process he must use to determine whether or not she is entitled to disability benefits.

We emphasize the limited nature of our holding.  We are not directing the ALJ to find plaintiff's sleep apnea resulted in a severe impairment and that such a condition prevented plaintiff from performing her past relevant work.  The ALJ could very well reach the same conclusion as before on remand and find plaintiff is not entitled to disability benefits.[5]  We simply hold that the ALJ did not adequately explain in his decision how he considered plaintiff's sleep apnea evidence, and as a result he failed to perform his duty to explain in detail his reasons for denying plaintiff's disability benefits.

---

[4] In contrast, the ALJ did expend significant effort discussing the credibility of evidence related to the limitations caused by plaintiff's morbid obesity, depression, and degenerative knees.

[5] Obviously, he could also change his decision.  For instance, after being asked to consider a hypothetical individual with several impairments, which included excessive sleepiness, the vocational expert testified that such a hypothetical individual could not find substantial, gainful employment.  (Tr., at 229.)

As we already noted, we also find it inappropriate for us to rule on plaintiff's objections.  We are cognizant that the ALJ may have thoroughly considered plaintiff's sleep apnea evidence and simply failed to indicate as such in his written decision.  If that is the case, his ultimate decision would most likely not change.  It is also possible, however, that the ALJ impermissibly ignored such evidence and gave it short shrift.  If that is the case, on remand, after properly considering such evidence, he may in fact change his ruling.  For that reason, we find that it would be premature at this point to rule on plaintiff's objections to the ALJ's current decision.[6]

---

[6] In reassessing plaintiff's sleep apnea evidence, we note that the ALJ should not reject the credibility of plaintiff's sleep study simply because she did not obtain the study until more than 18 months after her onset date.  The Third Circuit has noted that several courts doubt the relevance of when a claimant seeks treatment to whether she in fact is disabled.  See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 547 (3d Cir. 2003) ("the fact that a 'claimant may be one of the millions of people who did not seek treatment for a mental disorder until late in the day' was not a substantial basis to reject that an impairment existed.")(quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).  We also note that, despite the Commissioner's arguments to the contrary, the fact plaintiff did not complain of her sleepiness during a doctor visit in 2003 is not convincing evidence that she did not suffer from excessive sleepiness starting on June 16, 2004.

**CONCLUSION:**

Because we find that the ALJ failed to adequately address plaintiff's sleep apnea evidence, we find that the magistrate judge's report and recommendation should not be adopted, that the Commissioner's decision should be vacated, and that a remand to the Commissioner is necessary for further consideration.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA A. MORRIS, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-06-01720 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Blewitt) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## **O R D E R**

August 29, 2007

For the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT:**

1. The report and recommendation of the magistrate judge is rejected. (Rec. Doc. No. 18.)

2. The Commissioner's decision is vacated.

3. The case is remanded to the Commissioner for further consideration consistent with the accompanying memorandum.

4. The clerk is directed to close the case file.

                                             s/ James F. McClure, Jr.
                                             James F. McClure, Jr.
                                             United States District Judge